# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| GRANT J. BARNETT,<br><br>PLAINTIFF,<br><br>V.<br><br>CSC CREDIT SERVICES, INC.,<br>EQUIFAX INFORMATION SERVICES, LLC,<br>TRANS UNION, LLC, AND<br>CAPITAL ONE BANK (USA), N.A.,<br><br>DEFENDANTS. | CIVIL NO. 12-CV-13 (JNE/TNL)<br><br><br>**PRETRIAL SCHEDULING<br>ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1. <u>Fact Discovery</u>

    a.  All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before March 2, 2012.

    b.  Fact discovery shall be <u>commenced in time to be completed</u> on or before November 1, 2012.

    c.  No more than 30 Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side/party.

    d.  No more than 30 Document Requests shall be served by either side/party.

    e.  No more than 40 Requests for Admissions shall be served by either side/party.

    f.  No more than 10 depositions, excluding expert witness depositions, shall be taken by either side/party.

g.  At this time, the Parties agree that a protective order is not necessary; however, if a protective order should be necessary, the parties shall jointly submit a proposed order. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.   No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are *compelling* reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.

h.  Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

2.  ESI Discovery Plan

a.  The parties shall preserve all electronic documents that bear on any claims, defenses, or the subject matter of the lawsuit. Production of electronic documents shall be in native format. If the use of native format requires proprietary software, the producing party shall inform the requesting party of that fact.

3.  Expert Discovery

a.  Each party may call no more than two expert witnesses.

b.  Each party shall take no more than one deposition per expert.

c.  Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   i.  Plaintiff
       1.  Identification by Plaintiff on or before August 1, 2012.
       2.  Report by Plaintiff on or before August 1, 2012.
       3.  Rebuttal witness and reports shall be disclosed on or before October 15, 2012.

   ii.  Defendant
       1.  Identification by Defendant on or before October 1, 2012.
       2.  Report by Defendant on or before October 1, 2012.
       3.  Rebuttal witness and reports shall be disclosed on or before November 1, 2012.

d.  Expert discovery, including depositions, shall be completed on or before December 1, 2012.

4.  <u>Non-Dispositive Motions</u>

    a.  Non-dispositive motions may be scheduled for hearing by calling the Court's Judicial Assistant & Calendar Clerk, Kathleen Feldman, at 651-848-1870.

    **b.  All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before July 1, 2012.**

    c.  Motions for leave to amend to add punitive damage claims must be served and filed on or before July 1, 2012.

    d.  Except as to non-dispositive motion deadlines specifically set forth elsewhere in this Order, all non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before November 15, 2012.

    e.  All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before December 15, 2012.

    f.  Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1, and shall be presented in a form that complies with D. Minn. LR 37.2.

    g.  At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.,</u> the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact the Court's Judicial Assistant & Calendar Clerk, Kathleen Feldman, to schedule the conference. The parties shall submit <u>short</u> letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference.  The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference

or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

5.   Dispositive Motions

  a.   All dispositive motions shall be **served, filed, fully briefed and SCHEDULED on or before February 15, 2013.**

  b.   Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Sheri Frette, Calendar Clerk for the Honorable Joan N. Ericksen at (612) 664-5890.  All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1.

6.   Status & Settlement Conferences

  a.   The parties <u>do not agree</u> that an early settlement conference is appropriate in this case.

  b.   Counsel for the parties shall submit a joint letter to the Court setting forth the status of the case with reasonable specificity on or shortly prior to July 1, 2012.

  c.   A formal settlement conference shall be scheduled by the Court on a later date when needed.

7.   Trial

  a.   This case shall be ready for a **Jury** trial on June 15, 2013, or upon resolution of any pending dispositive motions.

  b.   Anticipated length of trial is four days.

8.   Remedies

  a.   All prior consistent orders remain in full force and effect.

  b.   Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete

or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: March 7, 2012

*s/ Tony N. Leung*
Magistrate Judge Tony N. Leung
*Barnett vs. CSC et al*
*12CV13*